IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KAREN LOUISE STINE, | § | |
| a.k.a. KAREN LOUISE SOUZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-03-0156 |
| | § | |
| VICTORIA COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Karen Louise Stine, a former inmate of the Victoria County Jail has filed a civil suit against Victoria County Jail claiming denial of medical attention to her serious need for health care. Stine has filed this action as a pauper. After reviewing Stine's Original Complaint and her response to the court's Order for More Definite Statement, this court has determined that this action should be dismissed.

Stine alleges that she suffers from Bipolar Syndrome which has caused her to experience severe depression, racing thoughts, short-term memory loss, fits of rage, mood swings, insomnia, and other maladies. She also claims that one of her ovaries has cysts which are very painful and debilitating. Stine states that she was diagnosed with her Bipolar disorder on April 9, 2002, after she attempted to commit suicide. Her cystic disease was discovered in May of 2003 during a visit to the emergency room at a Florida hospital in response to the pain that she was suffering at that time. She has been prescribed medication to control her psychosis and pain.

Stine was arrested, and was taken to an emergency room on August 5, 2003; however, no medical treatment was administered, and she was transferred to Victoria County Jail that same date.

Stine admits that she was seen by medical personnel and was provided some treatment while she was in jail but complains that the treatment was inadequate and that ovarian surgery was never performed although it had been recommended by a doctor. She says that she complained daily to various jail officials about her ailments. However, she was only given ibuprofen and naproxen. She was eventually given medication for her Bipolar condition but only after months of waiting. Stine suspects that the jail "kept putting up roadblocks whenever help was close by" or whenever someone was about to assist her. Stine was transferred to a federal prison facility in January of 2004.

In response to the court's inquiry as to who was personally involved in the alleged deprivations (*See* Docket Entry No. 3, page 1), Stine answers "There is no one in particular to be listed under personal involvement." Docket Entry No. 4, page 1. She merely asserts "It was officers and medical staff in general." *Id*. Stine also fails to set forth any facts which demonstrate that any jail personnel or health care providers were alerted to a specific threat and deliberately ignored it. Moreover, Stine denies filing any grievances concerning her claims. *Id*. at page 4. She explains that she was unaware that she needed to file a grievance and that she was not inclined to "make waves or cause trouble." *Id*.

Although Stine may have been reluctant to cause difficulties with the Victoria County Jail administration, she was required to exhaust available grievance procedures before she could file a prisoner civil rights suit. 42 U.S.C. § 1997e(a). Stine's jail custodians were entitled to a fair notice of her problems without her resorting to the federal courts. *Porter v. Nussle*, 122 S.Ct. 983, 988 (2002) (purpose of § 1997e(a) is to filter out baseless claims and to allow custodial officials to respond to legitimate complaints without burdening the courts). Title 37 of the Texas Administrative Code mandates that all county jails have an established administrative procedure,

approved by the Texas Commission on Jail Standards, for the resolution of inmate grievances. 37 Tex. Admin. Code § 283.3 (2003). The Texas Commission on Jail Standards has verified that Victoria County Jail has a grievance procedure which complies with the Texas Administrative Code. *See* http://www.tcjs.state.tx.us. Copies of the Victoria County Inmate Grievance Procedures and the Commission's letter of approval are attached. *See* Exhibit A. Under any circumstances, Stine was obligated to use whatever administrative remedies were available. *See Ferrington v. La. Dep't of Corrs.*, 315 F.3d 529, 531-32 (5th Cir. 2002) (Louisiana inmate was required to exhaust state prison administrative remedies despite prior finding by Louisiana Supreme Court that the statutory state grievance system was unconstitutional).

Stine may claim that she was unaware of the requirement that she file a grievance but this does not relieve her of the obligation. *Id.* at 532 (rejecting argument that prisoner's alleged blindness eliminated the necessity of exhausting available remedies). *See also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (*pro se* inmate's ignorance of habeas procedural rules did not excuse late filing). Therefore, Stine's claims are barred from consideration by the federal courts, and this prisoner *in forma pauperis* lawsuit is subject to dismissal. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).

In addition, Stine has failed to identify anyone whose actions caused the alleged deprivations although she was directly asked to name individuals. Without naming any individuals Stine has failed to present any official who can be held responsible for violating her rights under color of law. *See Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Further, she cannot merely assert that Victoria County is responsible because she does not set forth any facts which indicate that there was a policy or custom behind the alleged constitutional deprivation.

*Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996), *citing Monell v. New York City Dept. of Soc. Serv.,* 98 S.Ct. 2018, 2036 (1978).

Finally, Stine has not provided facts which show that any jail employee or health care worker was deliberately indifferent to her serious medical needs. *See Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). Stine has alleged that she suffers from a nervous disorder as well as a gynecological malady but she does not allege how she was denied basic treatment by a person who was aware that such a denial would subject her to an excessive risk of physical harm. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)*, citing Farmer v. Brennan*, 114 S.Ct. 1970, 1979 (1994). Although Stine complains that she received inadequate treatment, it is clear that she received attention and that she was given some medication. These facts rebut Stine's allegation of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Her disagreement with the decision not to operate on her during the five month period she was in the Victoria County Jail does not establish a claim. *Id.*, *citing Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, she has not shown any real harm from the temporary denial of medical services she claims that she needed. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993). At the most, Stine has only alleged negligence on the part of unnamed healthcare workers and jail staff. Such a showing does not support a claim of deliberate indifference. *Estelle*, 97 S.Ct. at 292; *Mendoza*, 989 F.2d at 195. Even gross negligence does not establish § 1983 liability. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996).

An *in forma pauperis* complaint may be dismissed if the court finds that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Such a complaint is frivolous if it lacks an arguable basis

4

in law.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  This complaint shall be **DISMISSED** because it is frivolous.

## Conclusion and Order

The court **ORDERS** the following:

1. This complaint filed by Inmate Karen Louise Stine, a.k.a. Karen Louise Souza, is DISMISSED with prejudice because it is frivolous.  28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry 2) is **GRANTED**.

3. The Clerk is directed to provide a copy of this Order of Dismissal to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 27th day of December, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE